| | | |
|---|---|---|
| **RAYMOND C BRANTLEY** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 4:26−cv−00241** |
| **CITY OF HOUSTON, ET AL,** | § | |
| *Defendants.* | § | |
| | § | |

**DEFENDANT ARTURO G. MICHEL'S**
**FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Arturo G. Michel, in his personal and official capacity as City Attorney (hereinafter "City Attorney") (collectively "Defendants"), hereby file this Answer to Plaintiff's Complaint for Violations of 42 U.S.C. § 1983 and respectfully show this Court as follows.

**FIRST DEFENSE**
**(Admissions and Denials)**

To the extent not expressly admitted, Defendants deny all allegations asserted by Plaintiff Raymond C. Brantley (hereinafter "Plaintiff" or "Brantley").

1. Defendants admit the allegations in paragraph 1 of Plaintiff's complaint to the extent it pertains to City hiring Plaintiff as a Benefits Division Manager in May of 2023. City does not have a performance evaluation category of "exemplary;" to that extent Defendants deny. City admits an increase in pay around November 2023. Defendants deny all allegations regarding systematic retaliation and denial of due process.

2. Defendants deny the allegations in paragraph 2 of Plaintiff's complaint.

3. The legal conclusions included in paragraph 3 of Plaintiff's complaint require no responsive pleading.
4. The legal conclusions included in paragraph 4 of Plaintiff's complaint require no responsive pleading.

5. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 5, except that Defendants admit Plaintiff was employed by the City of Houston as

Benefits Division Manager from May 1, 2023. Defendants deny Plaintiff was constructively discharged; Plaintiff voluntarily resigned.

6. The legal conclusions included in paragraph 6 require no responsive pleading.

7. The legal conclusions included in paragraph 7 require no responsive pleading; the factual averments therein against the City are denied. Defendant Cheeks does not have final authority over employment decisions affecting Plaintiff.

8. The legal conclusions included in paragraph 8 require no responsive pleading; the factual averments therein against the City are denied, except Defendants admit that Stephanie Myers is an Assistant Director of Benefits for the City of Houston.

9. The legal conclusions included in paragraph 9 require no responsive pleading; Defendants lack sufficient knowledge or information to form a belief about the truth of the factual averments in paragraph 9.

10. The legal conclusions included in paragraph 10 require no responsive pleading; the factual averments therein against Defendants are denied.

11. Defendants admit Plaintiff was hired by the City of Houston on May 1, 2023, as a Division Manager with a set salary. The legal conclusions in paragraph 11 require no responsive pleading. All else is denied.

12. The legal conclusions included in paragraph 12 require no responsive pleading; the factual averments therein against Defendants are denied.

13. The legal conclusions included in paragraph 13 require no responsive pleading; the factual averments therein against Defendants are denied, except that Defendants have insufficient information to speak to the claim regarding "published seven requests for proposals and updated outdated policies and procedures."

14. Defendants admit Plaintiff received a Performance Pay Zone Increase effective November 25, 2023, due to a reorganization of the Human Resources Department and a role change. Defendants admit the performance rating. Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of paragraph 14.

15. Defendants admit Plaintiff received a Performance Pay Zone Increase effective November 25, 2023, due to a reorganization of the Human Resources Department and a role change.

16. Defendants admit the allegations in paragraph 16 of Plaintiff's complaint.
17. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 17. The legal conclusions therein require no response.

18. The legal conclusions in paragraph 18 require no responsive pleading; Defendants lack sufficient knowledge or information to form a belief about the truth of the factual averments therein.

19. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 19. The legal conclusions therein require no response.

20. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 20.

21. Defendants admit that Plaintiff filed OIG complaints but lack sufficient knowledge or information to form a belief about the truth of the remainder of paragraph 21.

22. The legal conclusions in paragraph 22 require no responsive pleading; Defendants lack sufficient knowledge or information to form a belief about the truth of the factual averments therein.

23. The legal conclusions in paragraph 23 require no responsive pleading; Defendants lack sufficient knowledge or information to form a belief about the truth of the factual averments therein.

24. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 24.

25. Defendants admit corrective action was issued to Plaintiff by Defendant Myers but lack sufficient knowledge or information to form a belief about the truth of the remainder of paragraph 25.

26. Defendants deny the allegations in paragraph 26 of Plaintiff's complaint.

27. Defendants admit Plaintiff was placed on Decision-Making Leave and deny the remaining factual averments in paragraph 27.

28. Defendants admit Plaintiff was placed on Relief of Duty with Pay by Director Cheeks on or about March 17, 2025, and deny the remaining factual averments in paragraph 28.

29. Defendants have insufficient information to admit or deny the allegations in paragraph 29 of Plaintiff's complaint.

30. The legal conclusions in paragraph 30 require no responsive pleading; Defendants lack sufficient knowledge or information to form a belief about the factual averments therein. Defendants deny implementing any policy that would subject employees to criminal house arrest conditions as characterized.

31. The legal conclusions in paragraph 31 require no responsive pleading.

32. The legal conclusions in paragraph 32 require no responsive pleading.

33. Defendants admit Plaintiff grieved the corrective action. The legal conclusions in paragraph 33 require no responsive pleading.

34. Defendants admit Plaintiff grieved the corrective action and that Stephanie Myers was his immediate supervisor. The legal conclusions in paragraph 34 require no responsive pleading.

35. Defendants deny the allegations in paragraph 35 of Plaintiff's complaint.

36. Defendants admit the allegations in paragraph 36 of Plaintiff's complaint.

37. Defendants lack sufficient information to admit or deny the allegations in paragraph 37 of Plaintiff's complaint.

38. Defendants lack sufficient information to admit or deny the allegations in paragraph 38 of Plaintiff's complaint.

39. Defendants lack sufficient information to admit or deny the allegations in paragraph 39 of Plaintiff's complaint.

40. Defendants lack sufficient information to admit or deny the allegations in paragraph 40 of Plaintiff's complaint.

41. Defendants lack sufficient information to admit or deny the allegations in paragraph 41 of Plaintiff's complaint.

42. Defendants lack sufficient information to admit or deny the allegations in paragraph 42 of Plaintiff's complaint.

43. Defendants lack sufficient information to admit or deny the allegations in paragraph 43 of Plaintiff's complaint.

44. Defendants lack sufficient information to admit or deny the allegations in paragraph 44 of Plaintiff's complaint.

45. Defendants lack sufficient information to admit or deny the allegations in paragraph 45 of Plaintiff's complaint.

46. Defendants lack sufficient information to admit or deny the allegations in paragraph 46 of Plaintiff's complaint.

47. Defendants lack sufficient information to admit or deny the allegations in paragraph 47 of Plaintiff's complaint.

48. Defendants lack sufficient information to admit or deny the allegations in paragraph 48 of Plaintiff's complaint.

49. Defendants lack sufficient information to admit or deny the allegations in paragraph 49 of Plaintiff's complaint.

50. Defendants lack sufficient information to admit or deny the allegations in paragraph 50 of Plaintiff's complaint.

51. Defendants lack sufficient information to admit or deny the allegations in paragraph 51 of Plaintiff's complaint.

52. Defendants lack sufficient information to admit or deny the allegations in paragraph 52 of Plaintiff's complaint.

53. Defendants lack sufficient information to admit or deny the allegations in paragraph 53 of Plaintiff's complaint.

54. Defendants lack sufficient information to admit or deny the allegations in paragraph 54 of Plaintiff's complaint.

55. Defendants lack sufficient information to admit or deny the allegations in paragraph 55 of Plaintiff's complaint.

56. Defendants lack sufficient information to admit or deny the allegations in paragraph 56 of Plaintiff's complaint.

57. Defendant denies the allegations in paragraph 57 of Plaintiff's complaint.

58. Defendants lack sufficient information to admit or deny the allegations in paragraph 58 of Plaintiff's complaint.

59. Defendants lack sufficient information to admit or deny the allegations in paragraph 59 of Plaintiff's complaint.

60. Defendants lack sufficient information to admit or deny the allegations in paragraph 60 of Plaintiff's complaint.

61. Defendants lack sufficient information to admit or deny the allegations in paragraph 61 of Plaintiff's complaint.

62. Defendants lack sufficient information to admit or deny the allegations in paragraph 62 of Plaintiff's complaint.

63. Defendants lack sufficient information to admit or deny the allegations in paragraph 63 of Plaintiff's complaint.

64. Defendants lack sufficient information to admit or deny the allegations in paragraph 64 of Plaintiff's complaint.

65. Defendants lack sufficient information to admit or deny the allegations in paragraph 65 of Plaintiff's complaint.

66. Defendants lack sufficient information to admit or deny the allegations in paragraph 66 of Plaintiff's complaint.

67. Defendants lack sufficient information to admit or deny the allegations in paragraph 67 of Plaintiff's complaint.

68. Defendants lack sufficient information to admit or deny the allegations in paragraph 68 of Plaintiff's complaint.

69. The legal conclusions in paragraph 69 require no responsive pleading; Defendants lack sufficient knowledge or information to form a belief about the truth of the factual averments therein.

70. The legal conclusions included in paragraphs 70–94 require no responsive pleading.

## AFFIRMATIVE AND OTHER DEFENSES

### SECOND DEFENSE (Failure to State a Claim — Fed. R. Civ. P. 12(b)(6))

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted. Plaintiff fails to allege facts sufficient to demonstrate he has been denied any rights to which he is lawfully entitled. Defendants reserve the right to file a motion under Rule 12(c) on this basis after the pleadings close.

### THIRD DEFENSE (Qualified Immunity — Individual Capacity Defendants)

To the extent any individual capacity defendant has been or will be served, Defendants assert that such defendant is entitled to qualified immunity because, at all relevant times, each official performed discretionary governmental functions in good faith and did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Pearson v. Callahan*, 555 U.S. 223 (2009). Specifically: (a) the City's grievance procedures, as applied, did not violate clearly established constitutional principles sufficiently particularized to provide fair warning to each individual official — the Step I review-by-supervisor structure is facially compliant with civil service rules, and no clearly established Fifth Circuit authority held such a structure unconstitutional in analogous circumstances; (b) the Relief of Duty with Pay memorandum imposing administrative availability requirements during a pre-termination investigation did not violate a clearly

established right; and (c) City Attorney Michel's decision not to intervene in ongoing HR disciplinary proceedings does not constitute a clearly established constitutional violation, as the City Attorney is not a final policymaker over HR employment decisions and receiving a pre-litigation demand letter does not trigger a clearly established constitutional duty to investigate. Because the right must be "clearly established" at the appropriate level of specificity, not merely in the abstract, qualified immunity shields Defendants from personal liability here.

## FOURTH DEFENSE (No Municipal Liability — Monell)

Plaintiff's claims against the City of Houston under 42 U.S.C. § 1983 fail under ***Monell v. Department of Social Services***, 436 U.S. 658 (1978), and its progeny because: (a) Official Policy: The City's grievance procedures are facially neutral and constitutionally adequate; the Step I procedure of review by an immediate supervisor is consistent with applicable civil service rules and does not constitute an official policy of unconstitutional adjudication. Plaintiff's generic, conclusory allegations that the grievance policy is unconstitutional as applied fail to state a Monell claim. ***Vanskiver v. City of Seabrook, Texas***, No. 3:22-CV-00009 (S.D. Tex.); ***Smith v. City of Dallas***, No. 3:20-CV-2857 (N.D. Tex.); (b) Custom or Practice: A single incident involving one employee's grievance does not establish a widespread custom or practice sufficient to impose municipal liability. ***Thames v. Harris County Jail***, No. 4:20-CV-3741 (S.D. Tex.); ***Covington v. City of Madisonville, Texas***, 812 Fed.Appx. 219 (5th Cir. 2020); (c) Final Policymaker: City Attorney Michel is not a final policymaker for Human Resources employment decisions — final policymaking authority over HR matters rests with the Mayor and Director of Human Resources, not the City Attorney's Office. Accordingly, Michel's alleged failure to respond to Plaintiff's demand letter cannot constitute ***Monell*** ratification by a final policymaker; and (d) Moving Force: Plaintiff cannot show that any alleged policy or custom was the moving force behind a constitutional deprivation. ***Piotrowski v. City of Houston***, 237 F.3d 567, 578 (5th Cir. 2001).

## FIFTH DEFENSE (Garcetti — Speech Pursuant to Official Duties)

Plaintiff's First Amendment retaliation claim fails because his alleged protected speech was made pursuant to his official job duties and is therefore not constitutionally protected. ***Garcetti v. Ceballos***, 547 U.S. 410 (2006). As Benefits Division Manager, Plaintiff's role encompassed oversight of the Benefits Division, its personnel, its hiring processes, and compliance with HR and administrative standards. Reporting concerns about the qualifications of a direct subordinate — the Assistant Director of Benefits — to the City's Office of Inspector General falls within, or is closely related to, the scope of Plaintiff's official responsibilities. Because the speech was made as a public employee pursuant to official duties, and not as a citizen on a matter of public concern independent of those duties, it does not receive First Amendment protection. To prevail on a First Amendment retaliation claim, Plaintiff must establish, among other elements, that his speech was not made pursuant to his official duties. ***Mullinax v. Texarkana Independent School***

*Dist.*, 48 Fed.Appx. 917 (5th Cir. 2002); ***Bosque v. Starr County, Texas*** (S.D. Tex.); ***Garcia v. City of Harlingen*** (S.D. Tex.). Plaintiff cannot satisfy that threshold requirement.

### SIXTH DEFENSE (Pickering Balancing — Employer's Interest Outweighs Employee's)

Even if Plaintiff's speech is deemed protected under the First Amendment — which Defendants deny — Defendants assert that the City of Houston's substantial interest in maintaining effective, efficient, and harmonious HR operations, preserving management authority, and ensuring workplace discipline in a division managing hundreds of millions of dollars in employee benefits for thousands of City employees substantially outweighs Plaintiff's asserted interest in making the complained-of communications. ***Pickering v. Board of Education***, 391 U.S. 563 (1968); ***Connick v. Myers***, 461 U.S. 138 (1983). A public employee's interest in commenting on matters of public concern must outweigh the employer's interest in promoting efficiency before a First Amendment retaliation claim can succeed. ***Mullinax v. Texarkana Independent School Dist***., 48 Fed.Appx. 917 (5th Cir. 2002); ***Ballesteros v. Travis County, Texas*** (W.D. Tex.); ***Miravete v. City of Laredo*** (S.D. Tex.). Here, the operational disruption created by Plaintiff's communications — including allegations of management misconduct lodged through formal complaint channels during an active supervisory relationship — and the City's interest in maintaining confidentiality during ongoing disciplinary proceedings, tips the Pickering balance decisively in Defendants' favor.

### SEVENTH DEFENSE (Adequate Pre-Deprivation Process — Due Process)

Plaintiff's procedural due process claim fails because the City provided constitutionally adequate pre-deprivation process. Before any termination of Plaintiff's employment could occur, the City scheduled a Loudermill hearing for March 21, 2025, affording Plaintiff notice and an opportunity to be heard before any final deprivation of his property interest in employment. ***Cleveland Board of Education v. Loudermill***, 470 U.S. 532 (1985). Plaintiff elected to resign before that hearing rather than attend and present his defense. He cannot now claim he was denied pre-deprivation process when the process was offered and he declined it. The availability of post-deprivation remedies through the Civil Service Commission further satisfies due process requirements. Defendants deny that any of the intermediate disciplinary steps — corrective action, Decision-Making Leave, or administrative leave with pay — constituted a deprivation of a constitutionally protected property interest requiring a formal pre-deprivation hearing.

### EIGHTH DEFENSE (Voluntary Resignation — No Constructive Discharge)

Plaintiff voluntarily resigned from his employment with the City of Houston on March 21, 2025. Plaintiff's resignation was not coerced and does not constitute a constructive discharge giving rise to a constitutional deprivation. The conditions of Plaintiff's employment, while subject to legitimate disciplinary measures supported by documented performance and conduct concerns,

were not so objectively intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign. Plaintiff was on notice of a scheduled Loudermill hearing and chose resignation over participation in that proceeding. His voluntary election forecloses any claim of unconstitutional deprivation of a property interest.

### NINTH DEFENSE (Same-Decision Defense)

In the alternative, even if Plaintiff's protected speech were a motivating factor in any adverse employment action — which Defendants expressly deny — Defendants would have made the same employment decisions at the same time, regardless of Plaintiff's alleged protected activity. The record reflects documented, legitimate, non-retaliatory performance and conduct concerns that independently justified each adverse employment action taken. Defendants cannot be liable for actions they would have taken irrespective of Plaintiff's speech. ***Bosque v. Starr County***, Texas (S.D. Tex.); **Ballesteros v. Travis County, Texas** (W.D. Tex.).

### TENTH DEFENSE (Statute of Limitations)

To the extent any of Plaintiff's claims are premised on discrete acts occurring more than two years before the filing of the Complaint on January 13, 2026, those claims are time-barred. Section 1983 claims in Texas are governed by the two-year personal injury limitations period under **Tex. Civ. Prac. & Rem. Code § 16.003**. ***Owens v. Okure***, 488 U.S. 235 (1989). Any claims arising from events predating January 13, 2024 — including the Level II Corrective Action issued July 7, 2024 (within limitations but noted) and any other acts Plaintiff may attempt to characterize as discrete adverse actions prior to that date — are subject to limitations challenge.

### ELEVENTH DEFENSE (No Causal Connection)

Plaintiff's alleged injuries and damages, if any, were not caused by any unlawful policy, custom, practice, or procedure promulgated or tolerated by Defendants. Any adverse employment actions taken with respect to Plaintiff were based on legitimate, documented, non-retaliatory reasons entirely independent of any constitutionally protected activity.

### TWELFTH DEFENSE (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps to mitigate his alleged damages following his separation from employment on March 21, 2025. A plaintiff who suffers damage has a duty to take reasonable steps to minimize those damages, and failure to do so bars recovery for damages that could have been avoided. ***Pinson v. Red Arrow Freight Lines, Inc***., 801 S.W.2d 14 (Tex. App. 1990); ***Lee-Wright, Inc. v. Hall***, 840 S.W.2d 572 (Tex. App. 1992). The party asserting failure to mitigate bears the burden of proving facts showing lack of mitigation and must demonstrate the

amount by which damages were increased by that failure. ***Cotten v. Weatherford Bancshares, Inc***., 187 S.W.3d 687 (Tex. App. 2006). Defendants assert that Plaintiff has failed to diligently seek comparable employment since his separation and is not entitled to recover damages that reasonable mitigation efforts would have avoided. ***Zoanni v. Hogan*** (Tex. App.).

### THIRTEENTH DEFENSE (No Punitive Damages Against City)

Punitive damages are not recoverable against the City of Houston as a matter of law. ***City of Newport v. Fact Concerts, Inc***., 453 U.S. 247 (1981). Plaintiff's demand for punitive damages against the City must be dismissed. This bar applies to the City only; Defendants do not concede the availability of punitive damages against any individual capacity defendant.

### FOURTEENTH DEFENSE (Governmental and Sovereign Immunity — State Law Claims Only)

To the extent Plaintiff asserts or later asserts any state law claims against the City of Houston or its officials, the City asserts the affirmative defense of governmental immunity from liability for such claims. This defense is expressly limited to state law claims and is not asserted with respect to Plaintiff's federal claims under 42 U.S.C. § 1983, which are separately governed by the ***Monell*** framework. Governmental immunity is an affirmative defense that must be pleaded or it is waived. ***City of Houston v. Northwood Mun. Utility Dist. No. 1***, 73 S.W.3d 304 (Tex. App. 2002); ***City of Houston v. McGriff***, 695 S.W.3d 377 (Tex. 2024); ***City of San Antonio v. Hartman***, 155 S.W.3d 460 (Tex. 2004); ***City of Denton v. Paper***, 372 S.W.3d 193 (Tex. App. 2012); ***City of Dallas v. Cox***, 793 S.W.2d 701 (Tex. App. 1990).

### FIFTEENTH DEFENSE (Waiver, Estoppel, and Laches)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or laches.

### SIXTEENTH DEFENSE (No Prejudgment Interest)

Plaintiff is not entitled to an award of prejudgment interest if he prevails on any of his stated claims.

### SEVENTEENTH DEFENSE (Reservation of Defenses)

Without waiving the foregoing denials and affirmative defenses, Defendants reserve the right to file any and all amended answers, cross-actions, third-party actions, motions, and dispositive motions, including motions for summary judgment, as Defendants may deem appropriate as discovery proceeds.

## JURY DEMAND

Defendants respectfully request a trial by jury on all issues so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Arturo G. Michel respectfully request that this Court: (a) dismiss Plaintiff's Complaint for Violations of 42 U.S.C. § 1983 with prejudice for failure to state a claim against Defendant in his personal and representative capacities; (b) deny Plaintiff's demands and prayer for relief in their entirety; (c) award Defendants their costs and reasonable attorneys' fees incurred in the defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

**Dated: May 4, 2026**

Respectfully submitted,

ARTURO G. MICHEL
City Attorney

DEIDRA NORRIS
Section Chief, Labor, Employment, & Civil Service

By:    */s/ N. Lucy Chukwurah*
N. LUCY CHUKWURAH
Senior Assistant City Attorney
State Bar No.24045657
Tel.: (832) 393-6309
Lucy.Chukwurah@houstontx.gov

CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-0368
Tel.: (832) 393-6457
Fax: (832) 393-6259

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On May 4, 2026, pursuant to the Federal Rules of Civil Procedure, a true copy of the foregoing was served via electronic service on the following:

Raymond C. Brantley, *Pro Se*
4400 College Park Drive, Apt 817
The Woodlands, TX 77384
raymondbrantley72@gmail.com

**PLAINTIFF**